**Joyce SPANGLER, Plaintiff,**

v.

**COLONIAL OPHTHALMOLOGY, d/b/a/ Advanced Vision Institute, Defendant.**

**No. CIV.A. 402CV114.**

United States District Court, E.D. Virginia, Newport News Division.

Dec. 18, 2002.

Michael Jackson Beattie, Michael J. Beattie and Associates, Fairfax, VA, for plaintiff.

## DEFAULT JUDGMENT ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff Joyce Spangler's motion for a default judgment. On November 18, 2002, this court held a hearing on the motion and received evidence from plaintiff establishing damages. For the reasons stated below, the court **GRANTS** the default judgment and **AWARDS** plaintiff damages as stated below.

Plaintiff filed a complaint on September 18, 2002. Plaintiff's complaint alleges that she was discharged from her position as accounting assistant based upon her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendant was served with a summons on October 10, 2002. Defendant failed to respond and, the allowed time having expired, plaintiff filed for default judgment on November 7, 2002, attaching an affidavit in support by her attorney, Michael Beattie. The Clerk entered default on November 8, 2002.

As there has been no response by defendant, plaintiff's allegations of age discrimination are deemed admitted. Pursuant to 29 U.S.C. § 626(b), the court has "jurisdiction to grant such legal or equitable relief as may be appropriate," including backpay, reinstatement, and liquidated damages for willful violations. A violation is willful if the defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 128–29, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Front pay is available to complete the remedy if reinstatement is not a viable option. *Duke v. Uniroyal Inc.,* 928 F.2d 1413, 1423 (4th Cir.1991). Attorney's fees are also available. *McKennon v. Nashville Banner Publ. Co.,* 513 U.S. 352, 357, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995).

The court finds that plaintiff shall be awarded backpay from the date of termination to the date of judgment. In addition, the court finds that front pay shall be awarded in lieu of reinstatement. It is within the court's discretion to so decide, evaluating factors such as the likelihood of a hostile work environment if plaintiff is reinstated. *Duke,* 928 F.2d at 1423. The nature of plaintiff's separation from her job indicates that there is the potential for such hostility; furthermore, the office in which plaintiff works is relatively small, making it more likely that the majority of employees will have knowledge of the circumstances of plaintiff's initial departure. The court has the discretion to determine the appropriate amount of front pay, as the award is not intended to be a windfall for plaintiff. *Id.* Plaintiff, who is 59, seeks front pay for seven years, carrying her up to the time that she would have retired. Such a lengthy award is inappropriate under the facts of this case. Plaintiff had only been employed with defendant for eight months, having taken her position on December 10, 2001. Furthermore, plaintiff is actively seeking employment and, though she does not possess a college degree, her experience in the field of medical management and accounting makes her competitive. Therefore, the court awards front pay from the date of judgment through August 16, 2003. Plaintiff was paid by defendant through August 16, 2002. The combined backpay and front pay awards, then, provide plaintiff with a full year's salary from her last paid day of employment with defendant. Her testimony indicates that her salary was $28,000 per year, and her pay stubs verify that she received $1076.92 gross pay every two weeks. Utilizing the pay stub to verify the pay period end dates, the court finds that

plaintiff shall be compensated for twenty-six (26) twoweek pay periods, at a rate of $1076.92 per pay period, for a total of $27,997.32 in combined backpay and front pay.

Plaintiff's request for liquidated damages is denied. The only evidence presented to establish the willfulness of the violation is the testimony of the plaintiff herself. She conveyed to the court the words used by the office manager in informing plaintiff that she would no longer hold the accounts position. The court simply cannot determine, from this single statement, that defendant "knew or showed reckless disregard of the matter of whether its conduct was prohibited by the ADEA." *Trans World Airlines,* 469 U.S. at 128–29, 105 S.Ct. 613. Therefore, the court finds that there is insufficient evidence to establish a willful violation of the ADEA, as required for a liquidated damages award both by the statute, 29 U.S.C. § 626(b), and by the courts, *Trans World Airlines,* 469 U.S. at 128–29, 105 S.Ct. 613.

■ The court also denies plaintiff's request for compensation for the health insurance that she lost upon losing her position. Though there are notations on the two pay stubs provided indicating that the employer withheld some payment for insurance, there is no evidence of the cost or value of the policy.[1] Nor is there evidence of coverage periods or termination dates of the insurance. Therefore, the court finds

that the plaintiff failed to prove these damages by a preponderance of the evidence.

The court may award attorney's fees and costs to a prevailing plaintiff in an ADEA action. *McKennon,* 513 U.S. at 357, 115 S.Ct. 879. Fees are calculated using the lodestar method, multiplying a reasonable number of hours by a reasonable hourly rate. In determining reasonableness in the hourly rate and number of hours, the court should consider the factors set out in *Johnson v. Georgia Highway Express,* Inc., 488 F.2d 714 (5th Cir. 1974).[2] *See Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 (4th Cir.1978) (adopting the *Johnson* factors for use in the lodestar analysis). The court considers the factors it deems appropriate and utilizes them in determining reasonable rates and hours. *See Daly v. Hill,* 790 F.2d 1071, 1076 (4th Cir.1986).

■ Plaintiff's attorney has provided a detailed accounting of the time spent on plaintiff's case and the costs incurred. The statement lists 38.30 hours for Michael Beattie, lead counsel on the case; 1.00 hour for Nelson Kieff, associate attorney; 2.00 hours for Antonia Akwule, law clerk, and 1.00 hour for Kathleen Beattie, office manager. The court has reviewed the time listed and services provided, taking into consideration the factors set out in *Johnson,* and finds that the time expended is reasonable, with one exception. As

---

1. Plaintiff did provide a typed table that included listings for COBRA payments. However, this document appears to be prepared by plaintiff or her attorney, and there is no evidence explaining or supporting these figures.

2. These factors are "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary

fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases." *Barber,* 577 F.2d at 226 n. 28.

Kathleen Beattie is an office manager, her time is included in the office overhead, and the court disallows the charge for one hour of her time. The court also adds one hour to Michael Beattie's total for time spent presenting the case before this court on November 18, 2002. Therefore, the total hours allowed are as follows: Michael Beattie, 39.30 hours; Nelson Kieff, 1.00 hour; and Antonia Akwule, 2.00 hours.

■ After establishing the appropriate number of hours for which to reimburse, the court must then determine a reasonable hourly rate, again taking into consideration the *Johnson* factors. It is customary, in fee requests, for counsel to submit affidavits from attorneys in the same practice area attesting to the reasonableness of fees. *See Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir.1987). By order dated November 20, 2002, the court requested that Michael Beattie submit at least two such affidavits. Mr. Beattie filed copies of three affidavits on November 27, 2002, which this court found to be defective for numerous reasons; these affidavits were accordingly stricken and the court offered Mr. Beattie another opportunity to comply with the November 20, 2002, order. On December 13, 2002, Mr. Beattie filed two affidavits, one from William A. Fioretti, and the other from Nelson Kieff. Both affidavits attest that a rate of $275.00 is reasonable for an attorney of Mr. Beattie's experience, and that a rate of $110.00 is reasonable for law clerk's services. The court gives due weight to the affidavit of William A. Fioretti. However, Nelson Kieff is Mr. Beattie's associate attorney and his services were employed on this case. The purpose of obtaining affidavits on fees is to survey the legal market in the relevant practice area and determine the range of fees charged. Affidavits from within one's own firm do not provide the court with a relevant survey of the market.

Therefore, because of his interest in the case and his affiliation with Mr. Beattie's firm, the court gives little weight to Nelson Kieff's affidavit.

■ The customary fee charged is only one of the *Johnson* factors. The court also takes into consideration the difficulty of the case and the necessary time expended in determining the appropriate hourly rate. The matter at hand is a relatively straightforward ADEA case with a default judgment. The nature of the case required few filings. There were no novel issues at hand, and the case demanded only a small percentage of the firm's time. The case itself would not be an undesirable one in the legal community. Based on the affidavits submitted by Michael Beattie and consideration of the other factors outlined in *Johnson,* the court sets the appropriate rate at $225.00 per hour for the services of Michael Beattie; $125.00 per hour for the services of Nelson Kieff; and $80.00 per hour for the services of Antonia Akwule. Therefore, the court awards $8,842.50 for Michael Beattie's hours, $125.00 for Nelson Kieff's hours, and $160.00 for Antonia Akwule's hours, for a total of $9,127.50. In addition, the court awards costs of $515.00 for copying, service and filing fees, mailing fees, and transportation expenses, as detailed in the statement submitted by Michael Beattie. The court therefore awards a total of $9,642.50 in attorney's fees and costs in this matter.

Pre-judgment interest is awarded at the discretion of the court. *Cline v. Roadway Express, Inc.,* 689 F.2d 481, 489 (4th Cir. 1982) ("[T]he district court has discretion, based on the equities involved, in awarding or denying interest."). The equities of the case at hand do not call for prejudgment interest. This matter came before the court as a default judgment and proceeded with little delay through the judicial pro-

cess. The court finds that the damages awarded adequately compensate plaintiff, and therefore prejudgment interest is denied. Post-judgment interest is awarded in accordance with 28 U.S.C. § 1961.

For the reasons stated above, the court **AWARDS** damages of $27,997.32 in combined backpay and front pay and $9,642.50 in attorney's fees and costs, for a total of $37,639.82. The court also **AWARDS** post-judgment interest as provided in 28 U.S.C. § 1961. The Clerk is **DIRECTED** to forward a copy of this Default Judgment Order to counsel for plaintiff and to the defendant.

IT IS SO ORDERED.